862 So.2d 1057 (2003)
Douglas WOOD, Plaintiff-Appellant,
v.
Angel MARTIN and Tim Wilkinson, Defendants-Appellees.
No. 37,856-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
Rehearing Denied January 22, 2004.
*1058 Douglas Wood, In Proper Person.
Angel Martin, In Proper Person.
Tim Wilkinson, In Proper Person.
Before BROWN, WILLIAMS and STEWART, JJ.
STEWART, J.
Plaintiff, Douglas Wood ("Wood"), brought an action against prison officials, seeking damages for alleged malfeasance in denying his transfer to a work release facility. The trial court dismissed his petition, stating that the petition did not comply with the provisions of La. R.S. 15:1184, et seq., said provisions constituting part of the Prison Litigation Reform Act (PLRA). For the reasons set forth below, we affirm the trial court's dismissal of Wood's petition.

FACTS
In his petition, Wood asserts that on or about March 13, 2001, he became eligible for transfer to a work release facility, and that in August 2001 he applied for such a transfer. However, he alleges that on or about December 10, 2001, he was informed that Deputy Warden Angel Martin had denied his transfer; therefore, he filed a grievance under the Corrections Administrative Remedy Procedure (CARP), stating that there was no authority to deny his transfer because only the secretary of the Louisiana Department of Public Safety and Corrections could deny or approve the request. Wood further alleged that Warden Tim Wilkinson denied his grievance and "effectually condoned" the actions of Deputy Warden Martin. According to Wood, the actions of the defendants not only resulted in his loss of the right to be considered for work release, but also resulted in his loss of the potential for over one year's wages that he could have earned and saved for his pending release. Accordingly, he filed suit seeking damages for what he termed a tort claim.
The record on appeal indicates that Wood went through the required three-step administrative remedy procedure, but his request for relief was denied at each step. The first-step respondent was Ann Boyd, the Records Supervisor who denied Wood's complaint on December 20, 2001. The second-step respondent was Warden Tim Wilkinson who also denied Wood's grievance on January 7, 2002, indicating to Wood that he was welcome to take his grievance to the Office of the Secretary of the Louisiana Department of Public Safety and Corrections. Wood did proceed to the third step as shown by the April 3, 2002, denial of his request for administrative remedy at the headquarters of the Department. The third-step denial indicated that the first and second level responses had been determined to be clear and concise and to have thoroughly addressed his issues; therefore, there was no basis for administrative intervention.

DISCUSSION
Initially, we observe that because the trial court dismissed this action a few days *1059 after it was filed, we have no answer on behalf of the defendants named in the petition, and we have no brief by any party in support of the trial court's judgment. Furthermore, we have no reasons for judgment by the trial court, either oral or written, other than the notation that Wood's petition did not comply with the provisions of the PLRA.
On appeal, Wood argues that the district court erroneously ruled that he failed to comply with the PLRA because the PLRA deals with lawsuits filed by prisoners concerning "the conditions of confinement or the effects of actions by governmental officials on the lives of persons confined in prison." Wood asserts that the court evidently dismissed his action based on the screening provisions found in La. R.S. 15:1184(B). However, Wood asserts that he filed suit against the wardens personally, not in their capacity as governmental officials, and that because their actions violated state law, they acted outside the scope of their employment and could not claim qualified immunity. Nevertheless, he stated in his appellate brief that he would not attempt to argue that his suit did not fall under the PLRA because that question was "irrelevant to this appeal." Wood contended that he fully complied with the provisions of the PLRA.
Furthermore, Wood notes on appeal that an inmate must seek judicial review from an administrative denial within 30 days of the final ruling of the Department of Corrections. He then opines that the court may have been under the impression that his time limit had expired because he did not file his suit until several months after the third-step denial on April 3, 2002. However, he asserts that the 30-day limit did not apply to him because he had filed a suit for damages, and that under the provisions of La. R.S. 15:1177, suits like his are excluded from that time limit.
We begin our analysis of Wood's legal argument with the observation that appeals are taken from the judgment, not the reasons for judgment. Becker v. Dean, 2003-2493 (La.9/26/03), 854 So.2d 864, 866. Thus, because we conclude that dismissal was proper in this case, it is not necessary for us to know the precise reasons behind the trial court's judgment of dismissal.
We disagree with Wood's argument that he was not required to seek judicial review of the final administrative decision within 30 days after receipt of the decision. While it is true that the provisions of La. R.S. 15:1177(A) exclude "decisions relative to delictual actions for injury or damages" from the adverse administrative decisions subject to the 30-day time limitation for seeking judicial review, the decisions made by the defendants herein were administrative decisions, and were not the decisions relative to delictual actions as contemplated by the statutory provisions.
The provisions of CARP, La. R.S. 15:1171 et seq., allow the Department of Public Safety and Corrections and each sheriff to adopt administrative remedy procedures at their correctional institutions for receiving, hearing, and disposing of any and all complaints and grievances by an adult or juvenile offender while the offender is within their custody or under their supervision. See La. R.S. 15:1171(A) & (B). The broad scope of such complaints and grievances includes, but is not limited to:
any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes.
*1060 In Pope v. State, 99-2259 (La.6/29/01), 792 So.2d 713, the Louisiana Supreme Court held that those provisions of CARP that then allowed the Department of Public Safety and Corrections to exercise original jurisdiction in tort actions violated Article V, § 16(A) of the Louisiana Constitution which vests original jurisdiction over all civil and criminal matters with Louisiana's district courts. The inmate plaintiff in Pope had suffered injuries that had nothing to do with prison disciplinary administrative proceedings, but instead suffered injuries that occurred while the inmate was performing demolition work at a correctional facility. The supreme court's holding in Pope was directed at the application of CARP to such traditional tort matters, not to actions related to conditions of confinement.
In response to Pope, the Louisiana Legislature amended the provisions of CARP relating to judicial review of administrative acts and excluded "decisions relative to delictual actions for injury or damages." As a result, such traditional tort actions are not subject to the more limited judicial review available in district court for administrative decisions. Instead, such delictual actions are governed by the pertinent provisions of La. R.S. 15:1177(C):
This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions injury or damages shall be filed separately as original civil actions.
Under the post-Pope statutory scheme, all complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. This is clearly shown by La. R.S. 15:1172(B)(1) stating that an offender shall initiate his administrative remedies for a delictual action for injury or damages within 90 days from the day the injury or damage is sustained. However, regardless of the outcome of the administrative remedy proceedings for such claims, once such administrative review is complete, delictual actions for injury or damages then shall be filed separately as original civil actions not subject to the limited judicial review afforded other adverse administrative decisions. In other words, an administrative remedy decision on a true tort action, such as that involved in Pope, supra, does not limit a district court's constitutional grant of original jurisdiction in any way. Such an administrative review nevertheless is required, apparently in hopes that an appropriate remedy, including the possible award of monetary damages, may be agreed upon without the necessity of litigation.
On the other hand, an inmate cannot utilize the statutory provisions reserved for traditional tort actions by simply phrasing as a tort complaint what in actuality is a complaint concerning conditions of confinement. The nature of a pleading is determined by its substance and not its caption. See La. C.C.P. art. 865; Peterson v. Toffton, 36,372 (La.App.2d Cir.9/18/02), 828 So.2d 160.
In Peterson, supra, plaintiff filed suit against the prison warden, prison employees, and the Department of Corrections, seeking punitive and compensatory damages for injuries he allegedly suffered in connection with disciplinary proceedings that resulted in his being subjected to ten days in isolation and a forfeiture of 30 days of good time. Although the plaintiff alleged his injuries were like those in Pope, supra, we held that his complaint arose from a dissatisfaction with the policies and disciplinary procedures of the correctional facility. We noted that the plaintiff's injuries, therefore, sought a remedy with respect to his conditions of confinement and that under the provisions of La. R.S. 15:1177(A), he was required to seek judicial review of any adverse administrative *1061 remedy decision within 30 days of receipt of that decision. Accordingly, because the record did not reveal evidence that the plaintiff followed the statutory procedures, we affirmed the trial court's dismissal of the plaintiff's claim, stating that the trial court correctly utilized the judicial screening provisions of CARP and PLRA to dismiss the claim.
In the instant case, as in Peterson, the plaintiff's claim is styled as a tort claim, and Wood cites Pope, supra, as a basis for his petition for damages. However, as in Peterson, Wood's "tort" claims arise directly from "the effects of actions by governmental officials on the lives of persons confined in prison." See La. R.S. 15:1181(2) defining "prisoner suit." Rather than being a traditional tort action that is not related to conditions of confinement, Wood's claim arises directly from his dissatisfaction with decisions made by prison officials with respect to conditions of his confinement, i.e., whether he would be allowed to participate in a prison work release program. Instead of being based on traditional tort principles, the merits of the suit involved the application of statutory criminal procedure (La. R.S. 15:1111)[1], and regulations of the Louisiana Department of Public Safety and Corrections. Moreover, Wood's grievance did not seek tort damages, but sought to have him considered for the prison work release program.
Because Wood's action herein is not a traditional tort action, but is a claim seeking a remedy with respect to his conditions of confinement, his claim was subject not only to administrative review, but also to the provisions concerning judicial review of administrative acts. In particular, under the provisions of La. R.S. 15:1177(A)(1)(a), he had to seek judicial review by filing his petition in the district court within 30 days after receipt of the notice of the final decision by the agency. The record indicates he did not do so. Therefore, his petition should have been dismissed. We also observe that the district court, either pursuant to the judicial screening provisions of CARP or PLRA, can dismiss a petition that fails to state a cognizable claim. See La. R.S. 15:1178 and 15:1188.

CONCLUSION
For the reasons set forth, the district court's judgment is affirmed at appellant's costs.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, GASKINS, and CARAWAY, JJ.
Rehearing denied.
NOTES
[1] We note that in Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994), the court held that the statute, directing the Department of Public Safety and Corrections to determine which prisoners are eligible to participate in work release programs, did not create a liberty interest for a prisoner who was excluded from the work release program.