IRVING, J.,
for the Court.
¶ 1. On September 17, 2002, the City of Hattiesburg Police Department (City) seized $35,370 in cash belonging to J.T. Keys. Keys filed a motion seeking the return of the money, and the trial judge subsequently entered an order directing the City to return the money to him. The City of Hattiesburg appeals the trial judge’s decision and presents the following issues for review: (1) whether the issuance of a summons pursuant to Rule 4 of the Mississippi Rules of Civil Procedure is necessary to invoke the jurisdiction of the court, (2) whether service of process was obtained over the City of Hattiesburg sufficient to constitute process by mail in compliance with Rule 4(c)(3) or Rule 4(c)(5) of the Mississippi Rules of Civil Procedure, (3) whether the City was entitled to thirty days in which to file a petition for forfeiture of the seized $35,370 pursuant to section 41-29-177 of the Mississippi Code of 1972 as amended, or whether the statutory time period may be reduced by the claimant’s filing of a motion or petition to contest forfeiture. Finding no error, we affirm the trial judge’s decision.
FACTS
¶ 2. On September 17, 2002, Hattiesburg police officers stopped a vehicle driven by Patrick Sims. A search of the vehicle revealed no contraband or other illegal items, but the officers seized $35,370 in *702 cash. Sims informed the officers that the vehicle and cash belonged to J.T. Keys.[1] The vehicle was towed and later released to Keys, but the police department did not release the money.
¶ 3. On October 8, 2002, Keys filed a motion to return the property or, in the alternative, a petition to contest forfeiture of the seized property. That same day, Keys also filed a notice of hearing, indicating that the motion would be heard on October 29, 2002. He served, via certified mail, a copy of the motion and notice of hearing on the mayor of the City and the district attorney. On the day of the hearing, Keys filed a copy of the return receipt showing service on the mayor and district attorney. On October 29, 2002, the court signed an order directing the City to return the money to Keys.[2]
¶ 4. After the order was signed, the court found out that the City had a problem with returning the money to Keys. The court, in response, directed the clerk to postpone filing the order, and thereafter scheduled a conference with all concerned parties. The matter was set for a formal hearing, and on November 7, 2002, the trial judge heard oral arguments from both the Keys and the City regarding the October 29 order. At the conclusion of the hearing, the court again entered an order directing the release of the money to Keys and specifically found that neither the “state of Mississippi, [the] Hattiesburg Police Department and Metro Narcotics nor any other law enforcement officer [filed] a notice of seizure or indicated on what basis they intend [sic] to seize any property or give any explanation as to who will [sic] seize the property.” Thereafter, the City perfected this appeal. Additional relevant facts will be related during our discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. The City first argues that jurisdiction never vested in the Forrest County Circuit Court because a summons was not issued to the City by the court clerk pursuant to Rule 4 of the Mississippi Rules of Civil Procedure. The City further maintains that Keys was not in compliance with Rule 4(c)(3) of the Mississippi Rules of Civil Procedure, and thus the City, through its mayor, was not provided with sufficient notice. In addition, the City claims that the notice of hearing did not constitute process, and was insufficient service of process by mail under Rule 4. Further, the City contends that, as the seizing agency, it was entitled to thirty days in which to file a petition for forfeiture, and once Keys initiated the process by filing a petition to contest forfeiture, the City was entitled to receive notice by way of a summons and had a right to respond by filing a responsive pleading. Finally, the City argues that a judgment should not have been taken against it before it was given thirty days in which to respond.
¶ 6. Section 41-29-177(1) of the Mississippi Code of 1972 as amended states that “[e]xcept as otherwise provided in section 41-29-176, Mississippi Code of 1972, when any property, other than a controlled substance, raw material or paraphernalia, is seized under the Uniform Controlled Substances Law, proceedings under this sec *703 tion shall be instituted within thirty (30) days from the date of seizure or the subject property .shall be immediately returned to the party from whom seized.”
¶ 7. On September 17, 2002, Hattiesburg police officers seized $35,370 belonging to Keys. The thirty days in which the City had to institute forfeiture proceedings expired on October 17, 2002. The City did not institute forfeiture proceedings within the prescribed time period. On November 7, 2002, a formal hearing, with all parties present, was held in the matter of the seizure. Even then, which was fifty-one days after the seizure, the City had still not instituted forfeiture proceedings. Because the City did not institute forfeiture proceedings within thirty days as required by statute, we find it unnecessary to address the issues raised by the City. Suffice it to say that nothing Keys did prevented the City from complying with the statute. Key’s filing of his motion to return his property was independent of and had no bearing on the City’s obligation to file forfeiture proceedings within the thirty-day period. As a result, we agree with the trial judge’s decision to return the money to Keys.
¶ 8. The dissent admits that the City was obligated to promptly commence for-' feiture proceedings, but inexplicably argues that the City’s failure to initiate forfeiture proceedings promptly “does not permit a summary determination of the City’s interest in the seized property or excuse Key’s obligation to institute a civil action in accordance with the Mississippi Rules of Civil Procedure.” The dissent cites no authority for its position which is in direct conflict with the provisions of section 41-29-177(1) which unequivocally states that forfeiture proceedings “shall be instituted within thirty (30) days from the date of seizure or the subject property shall be immediately returned to the party from whom seized.”
¶ 9. It is clear from the statutory scheme providing for forfeiture of property with a value of $10,000 or greater that the petition for forfeiture “shall be filed in the name of the State of Mississippi, the county or the municipality” and shall be served upon the owner of the property if his address is known. Miss.Code Ann. § 41-29-177(2) (Rev.2001). The City never instituted forfeiture proceedings. There is no dispute or question regarding this fact. Therefore, we cannot understand the dissent’s reasoning that Keys was obligated “to institute a civil action in accordance with the Mississippi Rules of Civil Procedure.” Keys was not obligated to institute anything because the value of the property exceeded $10,000. The obligation to institute forfeiture proceedings rested with the City.
¶ 10. Perhaps, the dissent has confused the administrative forfeiture procedures for property with a value of less than $10,000 with the judicial forfeiture procedures for property having a value of $10,000 or greater. The former is governed by section 41-29-176 while the latter is governed by section 41-29-177. When an administrative forfeiture proceeding has been instituted against property with a value of less than $10,000, any person claiming an interest in the property may file a petition to contest the forfeiture. If such a contest is filed by a claimant, the petition must be served on “the attorney for or representative of the seizing law enforcement agency, and the proceedings shall thereafter be governed by the rules of civil procedure.” Miss.Code Ann. § 41-29-176 (Rev.2001). . .
¶ 11. As we have already observed, the forfeiture proceedings in the case before us, because of the value of the property involved, had to be instituted by the City *704 pursuant to section 41-29-177 which requires that forfeiture proceedings be instituted within thirty days. The City never instituted such proceedings. Therefore, in accordance with the requirement of section 41-29-177(1), the seized property had to be returned to Keys, the party for whom it was seized.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, MYERS, AND CHANDLER, JJ„ CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J.

. Sims was cited for making an improper turn and failure to have insurance. No criminal charges were brought against Sims or Keys.

. The judge released the money to Keys based on representation from the district attorney’s office and a letter attached to the order from the Forrest/Perry County Metro Narcotics Task Force indicating that they would not pursue the case.