# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-186

**DONNY NGO**

**VERSUS**

**MARK ESTES, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ALLEN, NO. 2003-457,
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Donny Ngo
In Proper Person
Allen Correctional Center
3751 Lauderdale Woodyard Road
Kinder, Louisiana  70648
Plaintiff/Appellant

Samuel B. Gabb
Lundy & Davis
Post Office Box 3010
Lake Charles, Louisiana  70602
(337) 439-0707
Counsel for Defendants/Appellees:
   Mark Estes
   Tommy Davis
   Chris Wharton
   Carleen Vidrine
   Richard Stalder

**Robert Ash**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, Louisiana  70648**
**Defendant**

SULLIVAN, Judge.

Donny Ngo, an inmate in the Allen Correctional Center in Kinder, Louisiana, appeals the dismissal of his suit on an exception of prematurity. For the following reasons, we affirm.

**Discussion of the Record**

Mr. Ngo filed suit on August 7, 2003, alleging that various officials at the Allen Correctional Center failed to protect him from several unprovoked attacks by his "known enemy," fellow-inmate, Robert Ash. He alleges that the "last straw" occurred on July 8, 2002, when the warden ordered him to report to the same work area as Mr. Ash, who promptly attacked him for the third time in nine months. Mr. Ngo further alleges that he initiated an administrative remedy procedure (ARP). In his petition, he indicates that case, identified as ALC-2002-728, is "yet, on-going." In his appellate brief, he alleges that he signed for a response to the ARP, but was not given a copy of it because he was under suicide watch at that time. In his suit, he seeks an injunction, monetary damages, and an immediate transfer.

On September 11, 2003, the Defendant-employees of the Department of Public Safety and Corrections (DPSC) filed an exception of prematurity, arguing that Mr. Ngo's suit should be dismissed for failure to exhaust his administrative remedies. The trial court granted the exception, dismissing the suit without prejudice on December 23, 2003. After the trial court denied his motion for reconsideration, Mr. Ngo filed this appeal, arguing that he was not required to exhaust his administrative remedies, as the Louisiana Supreme Court declared those procedures unconstitutional in *Pope v. State*, 99-2559 (La. 6/29/01), 792 So.2d 713.

**Opinion**

In *Pope*, 792 So.2d 713, the supreme court held that the Louisiana Corrections Administrative Remedy Procedure (CARP), La.R.S. 15:1171-79, in effect at that time, violated La.Const. art. V, § 16(A) to the extent that it divested the district courts of original jurisdiction over tort actions filed by inmates against the DPSC and its employees. In particular, the supreme court found objectionable those provisions that "allow[ed] the [DPSC], in tort actions, to effectively adjudicate its own delictual liability, and then require[d] the district courts to give 'manifest error rule' deference to that adjudication." *Id.* at 721 (footnote omitted). However, the supreme court also recognized in *Pope* that the legislature "is free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency for review, . . . as long as the action of the administrative agency does not constitute the exercise of original jurisdiction." *Id.* at 720.

Pursuant to 2002 La.Acts No. 89, effective April 18, 2002, the legislature amended CARP to cure the constitutional problems identified in *Pope*. Specifically, the legislature amended La.R.S. 15:1172 to require that an offender initiate administrative remedies for delictual actions within ninety days of the date of injury or damage; to provide that an offender's claim is abandoned if he fails to do so and that any subsequent suit asserting such a claim shall be dismissed with prejudice; to permit the district court to dismiss an offender's suit without prejudice if the administrative remedy process has not been completed; and to provide that liberative prescription on an offender's delictual actions shall be suspended upon the filing of such a grievance until the final agency decision is delivered. Act 89 also amended

2

La.R.S. 15:1177 to exclude delictual actions for injury or damages from the judicial review prescribed for other actions under CARP.

In *Cheron v. LCS Corrections Services, Inc.*, 02-1049 (La.App. 1 Cir. 2/23/04), 872 So.2d 1094, *writ granted*, 04-703 (La. 5/14/04), 872 So.2d 703, the first circuit held that the provisions of Act 89, although remedial, could not be applied retroactively to disturb vested rights. Under the facts of that case, where more than ninety days had elapsed from the date of the inmate's injury and the effective date of Act 89, and the inmate failed to file any administrative remedies, the first circuit concluded that applying Act 89's abandonment provisions would deprive the inmate of a vested right. In *Dailey v. Travis*, 02-2051 (La.App. 1 Cir. 3/23/04), 872 So.2d 1104, *writ granted*, 04-744 (La. 5/14/04), 872 So.2d 527, the first circuit concluded that CARP's former administrative regulations could not be enforced without encountering the problems with judicial review that *Pope* found to be unconstitutional. Accordingly, the first circuit refused to dismiss the inmates' suits in both cases as premature because the DPSC was unable to show that a valid administrative remedy existed.

As the court explained in *Cheron*, 872 So.2d at 1103 (citation omitted) (emphasis added):

> The party that raises the objection of prematurity has the burden of showing that *an administrative remedy is available*, by reason of which the judicial action is premature. Once the existence of an administrative remedy is established, *the burden shifts to the plaintiff to show that the specified administrative remedies or procedures have been exhausted* or *that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate.*

In the present case, we do not know the date that Mr. Ngo filed his administrative remedy. However, from the allegations in the attachment to his

3

petition, it appears that the "last straw" that prompted action was the physical attack that allegedly occurred on July 8, 2002, after Mr. Ngo was ordered to work in the same area as Mr. Ash. Because this incident occurred after Act 89's effective date of April 18, 2002, we do not reach the retroactivity issues that were present in *Cheron* and *Dailey*. As the second circuit explained in *Wood v. Martin*, 37,856, p. 5 (La.App. 2 Cir. 12/10/03), 862 So.2d 1057, 1060 (emphasis added), in discussing Act 89: "Under the post-*Pope* statutory scheme, all complaints and grievances, *including traditional tort claims seeking monetary relief*, are subject to administrative procedures." Accordingly, we find that the Defendants have met their burden of showing that a valid administrative remedy existed for Mr. Ngo's claim. The burden then shifted to Mr. Ngo to show that his administrative remedies have been exhausted or that those remedies are irreparably inadequate. On the record before us, we find no error in the trial court's dismissal of Mr. Ngo's suit as premature.

The above analysis is based on the classification of Mr. Ngo's suit as a traditional tort claim, as it seeks monetary damages for personal injuries sustained in an attack. However, the allegation that he was not separated from a particular inmate and his request for a transfer can be interpreted as raising a claim based upon a prisoner's conditions of confinement. Such claims are not considered to be "traditional 'civil matter[s]'" under the Louisiana Constitution of 1974, and they were not the subject of the constitutional analysis in *Pope*, 792 So.2d 173. *Peterson v. Austin*, 36,365, p. 5 (La.App. 2 Cir. 12/11/02), 836 So.2d 235, 238, *writ denied*, 03-510 (La. 1/30/04), 865 So.2d 70. A claim seeking a remedy with respect to a prisoner's conditions of confinement is subject "not only to administrative review, but

4

also to the provisions concerning judicial review of administrative acts." *Wood*, 862 So.2d at 1061.

Additionally, the Prison Litigation Reform Act (PLRA), at La.R.S. 15:1184(A)(2), provides: "No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice." The PLRA defines "prisoner suit" as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison . . . ." La.R.S. 15:1181(2). Thus, the doctrine of exhaustion of administrative remedies applies to Mr. Ngo's suit, regardless of whether it is based in tort or whether it is a "prisoner suit." Because the record does not demonstrate that Mr. Ngo complied with statutory and/or regulatory procedures before filing suit, we find no error in the dismissal of his suit without prejudice.

**Decree**

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Donny Ngo.

**AFFIRMED.**