NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1327

FREDDIE R. LEWIS

VERSUS

VERNON CORRECTIONAL FACILITY, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 82,405-B
HONORABLE JOHN FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.

REVERSED AND REMANDED.

Freddie R. Lewis
Winn Correctional Center
Dogwood-C2-12
Post Office Box 1260
Winnfield, LA 71483-1260
IN PROPER PERSON/APPELLANT:
    Freddie R. Lewis

**David R. Lestage**
**Hall, Lestage & Landreneau**
**Post Office Box 880**
**DeRidder, LA 70634**
**(337) 463-8692**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Floyd Willis**
     **Dalford McCullough**
     **Bobby Stanley**
     **Quinton Calhoun**

PETERS, J.

The *pro se* plaintiff in this matter, Freddie R. Lewis, brought suit against four employees of the Vernon Correctional Facility (Floyd Willis, Dalford McCullough, Bobby Stanley, and Quinton Calhoun) as well as the Secretary of the Louisiana Department of Public Safety and Corrections (DOC),[1] seeking to recover damages for the individual defendants losing or destroying personal items belonging to him. The trial court granted a dilatory exception of prematurity filed by the four individuals and dismissed Mr. Lewis' claims against them. Mr. Lewis now appeals that judgment. For the following reasons, we reverse the grant of the exception and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

Mr. Lewis filed his *pro se* action on December 21, 2009, seeking to recover the value of items of personal property[2] he claims the defendants either lost or destroyed, as well as a $10.00 per day sanction for each day he has been deprived of the items at issue.[3] The four individual defendants responded to Mr. Lewis' suit by filing, on April 21, 2010, a dilatory exception of prematurity and a peremptory exception of prescription. In their exceptions, the defendants list their version of Mr. Lewis' stay in the Vernon Correctional Facility as well dates related to his attempts to gain possession of the personal property he arrived with on April 27, 2008. Additionally,

---

[1] We list only the four individuals and the Secretary of DOC as defendants because those are the named identified defendants in Paragraph III of Mr. Lewis's petition, captioned as "**Parties to this Appeal**" (although to some degree even those listed in that paragraph are incorrectly identified). However, in the prayer to his petition, Mr. Lewis seeks relief against the Vernon Correctional Facility as well.

[2] In his original petition, Mr. Lewis values the personal property and other items at issue at $414.19.

[3] Mr. Lewis' initial petition contains a history of his comings and goings since being incarcerated at Vernon Correctional Facility and attempts to establish when and where the items at issue became misplaced or destroyed. Additionally, Mr. Lewis attached a number of documents to his petition which seem to reference efforts to proceed through an administrative process in pursuing his claim.

while acknowledging that Mr. Lewis has submitted grievance forms and requests for the return of his property, the defendants assert that he has never filed the complaints or requests on the "Inmate Grievance form used by [the Vernon Parish Sheriff] and his staff at the Vernon Parish Jail and the Vernon Correctional Facility pursuant to the Administrative Remedy Procedure," which was in effect at all times during Mr. Lewis' complaints. The defendants attached copies of two separate memoranda from the Vernon Correctional Facility addressed to the facility's inmate population and having as their subject, "Policy and Procedures for Grievances and Administrative Remedy Procedure."[4] Additionally, the defendants attached blank copies of what are apparently the acceptable grievance forms.

The trial court held a hearing on the exceptions on May 24, 2010.[5] Neither the defendants nor Mr. Lewis presented evidence at the hearing on the exceptions. Counsel for the defendants simply argued that Mr. Lewis had not followed the administrative procedure, and Mr. Lewis argued that he could not have done so in any event because he was not in the custody of the defendants when he filed suit.[6] In argument, he asserted that he made his own form and instituted the grievance process.

When the hearing was complete, the trial court simply concluded the proceedings without rendering any opinion on the merits of the exceptions. Instead, the trial court issued written reasons for judgment on June 24, 2010, rejecting the exception of prescription but granting the exception of prematurity. In its reasons for judgment, the trial court stated the following:

---

[4]One has an effective date of "10-21-96," and the other "06/5."

[5]After the hearing was set, but before it was held, Mr. Lewis attempted to amend his petition to claim other damages associated with the loss of his property, but consideration of these particular claims is not necessary to resolve the single issue now before us.

[6]He claims to have been in Wade Correctional Center in Keithville, Louisiana.

It is the opinion of the Court that plaintiff should use all administrative avenues available to insure the return of personal belongings. The law is clear that before a suit is filed, all administrative procedures available to plaintiff (as an inmate of a facility in the State of Louisiana) must first be exhausted.

In the present case, the Court is of the opinion that plaintiff should proceed using the Inmate grievance procedure set out in LA.R.S. 15:117l-1179 and LA.R.S. 15:1181-1191.

The trial court signed a judgment to this effect on July 29, 2010, and Mr. Lewis perfected this appeal.

## OPINION

An exception of prematurity brought under La.Code Civ.P. art. 926(A)(1) raises the issue of whether the plaintiff has fulfilled a prerequisite condition prior to filing his suit such that the question is presented as to whether the plaintiff's cause of action yet exists. *Mosley v. La. Dep't of Public Safety & Corr.*, 07-1501 (La.App. 3 Cir. 4/2/08), 980 So.2d 836. The party raising the exception of prematurity has the burden of proving that an administrative remedy is available. *Ngo v. Estes*, 04-186 (La.App. 3 Cir. 9/29/04), 882 So.2d 1262. Only after a defendant establishes that an administrative remedy exists does the burden shift to the plaintiff to establish that he or she exhausted the available administrative remedies or that the available administrative remedies are irreparably inadequate. *Id.*

Louisiana Code of Civil Procedure Article 930 provides, in pertinent part: "[o]n the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Here, the grounds for the exception of prematurity do not appear on the face of the petition, and the defendants introduced no evidence in support of

3

their exception.[7] "Arguments and pleadings are not evidence." *In re Melancon*, 05-1702, p. 7 (La. 7/10/06), 935 So.2d 661, 666.

In *Abshire v. Belmont Homes, Inc.*, 04-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458, this court was faced with a similar evidentiary situation. As is the case now before us, the principal documents required to bring the pertinent issue to the attention of the trial court were attached to filed pre-hearing memoranda, but were not offered as evidence at the trial court hearing. While noting that there is a difference between a document being a part of the record and a document being introduced into evidence, we found that because the parties had "treated the documents as if they were introduced," their use constituted "a judicial confession of the existence of the documents as evidence." *Id.* at 280. However, unlike the litigants in *Abshire,* the litigants in the matter now before us did not even reference the attached documents, much less introduce them.[8] Additionally, because Mr. Lewis is a *pro se* litigant, we will not treat his failure to object to the incompleteness of the evidence as a judicial admission of the particular terms of an administrative procedure.[9] *See Succession of Bijeaux v. Broyles*, 06-1172 (La.App. 3 Cir. 2/7/07), 951 So.2d 490.

We find that the defendants failed to meet their burden of proof on their exception and that the trial court erred in granting the exception of prematurity.

[7]While the defendants attached copies of documents purporting to explain the facility's grievance procedure to their memorandum filed in support of their exceptions, they did not introduce those into evidence.

[8]The trial court asked Mr. Lewis if he had any documents to introduce, and Mr. Lewis referred to some that he might wish to introduce, but that he did not have with him. In any event, the trial court refused to allow the record to remain open for a later filing.

[9]The defendant seemed to acknowledge the existence of an administrative procedure at Vernon Correction Facility, and acknowledged that he used his own form in instituting a complaint against the facility, but nothing before the trial court suggested that use of his own form was a violation of the procedure.

## DISPOSITION

For the foregoing reasons, we reverse the judgment of the trial court granting the exception of prematurity filed by the defendants, Floyd Willis, Dalford McCullough, Bobby Stanley, and Quinton Calhoun. We remand the matter to the trial court for further proceedings. Additionally, we assess all costs of this appeal to the defendants, Floyd Willis, Dalford McCullough, Bobby Stanley, and Quinton Calhoun.[10]

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

---

[10]In assessing the costs of this appeal to the four individual defendants, we note that neither the Secretary of the Louisiana Department of Corrections nor the Vernon Correction Facility have made appearances in this litigation to date.