NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-136

JOHN T. MARCANTEL

VERSUS

PINE PRAIRIE CORRECTIONAL CENTER
AND SOUTH LOUISIANA CORECTIONAL
FACILITY

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT,
PARISH OF EVANGELINE, NO. 70106-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*
**J. DAVID PAINTER**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED AS AMENDED.**

**M. Candice Hattan, APLC**
**P.O. Drawer 91850**
**Lafayette, LA 70509**
**(337) 234-0431**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Pine Prairie Correctional Center and South Louisiana Correctional Facility**

**Guy O. Mitchell**
**Mitchell Law Offices**
**225 Court Street**
**Ville Platte, LA  70586-4492**
**(337) 363-0400**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **John T. Marcantel**

**PAINTER, Judge.**

Plaintiff, John T. Marcantel, appeals the dismissal of his suit by the grant of exceptions of prematurity filed by Defendants, Pine Prairie Correctional Center and South Louisiana Correctional Facility. Finding that Marcantel was required to comply with the mandated administrative procedures before filing suit in the district court, we affirm the trial court's dismissal of his suit; however, we amend the trial court's judgment to reflect that the dismissal is without prejudice.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are simple and undisputed. On or about September 27, 2007, Marcantel was incarcerated at Pine Prairie Correctional Center. Two days later, Marcantel was transferred to South Louisiana Correctional Facility. He alleges that he received substandard medical treatment to his left eye at both facilities.

On September 10, 2008, Marcantel filed suit against Defendants, seeking to recover damages for the loss of sight in his left eye. It is undisputed that Defendants have adopted the administrative remedy procedure set forth in the Corrections Administrative Remedy Procedure (CARP), which is found at La.R.S. 15:1171-1184. It is also undisputed that Marcantel did not attempt to comply with any of the administrative procedures before filing suit. Defendants filed exceptions of prematurity and no cause of action, or, alternatively, motions for summary judgment. The trial court granted the exceptions of prematurity and dismissed Marcantel's claims against both facilities with prejudice. Marcantel filed a motion for new trial, which was denied by the trial court. This appeal followed.

# DISCUSSION

Appellate courts review the trial court's decision regarding an exception of prematurity under the manifest error standard. *Pinegar v. Harris*, 08-1112 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081. "The trial court has vast discretion in deciding whether to grant a motion for new trial, and its decision whether or not to do so is reviewed under the abuse of discretion standard of review." *Burgo v. Henderson*, 12-332, p. 8 (La.App. 3 Cir. 12/19/12), 106 So.3d 275, 281.

Pursuant to CARP, the procedure to be followed by an inmate is set forth as follows in La.R.S. 15:1172:

> A. Upon adoption of the administrative remedy procedure, in accordance with the Administrative Procedure Act, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, the contractor operating a private prison facility or any of its employees, shareholders, directors, or officers, or a sheriff, or his employees or deputies. Any administrative remedy procedure in effect on January 1, 2001, including the procedure published in LAC 22:I.325, is deemed to be in compliance with the provisions of this Section.
>
> B. (1) An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.
>
> (2) The department is authorized to establish deadlines for an offender to initiate administrative remedies for any nondelictual claims.
>
> (3) The department is authorized to establish deadlines for the procedures and processes contained in the administrative remedy procedure provided in LAC 22:I.325.
>
> C. If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.

D. Any contractor operating a private prison facility shall adhere to all provisions of this Part and the administrative remedy procedures adopted by the department in accordance with this Part.

E. Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered.

An "offender" is "an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises." La.R.S. 15:1174(2).

Marcantel argues that he is not required to comply with the administrative procedures because *Pope v. State of Louisiana*, 99-2559 (La. 6/29/01), 792 So.2d 713, declared CARP unconstitutional and because La.R.S. 15:1177, entitled "Judicial review of administrative acts; exception," states in section C that: "This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions."

Defendants contend that *Pope* has been legislatively overruled by the amendments to CARP, which became effective April 18, 2002.

The second circuit succinctly discussed the amendments to CARP in *Wood v. Martin*, 37,856, pp. 4-6 (La.App. 2 Cir. 12/10/03), 862 So.2d 1057, 1060 (emphasis added):

> In *Pope v. State*, 99-2259 (La.6/29/01), 792 So.2d 713, the Louisiana Supreme Court held that those provisions of CARP that then allowed the Department of Public Safety and Corrections to exercise original jurisdiction in tort actions violated Article V, § 16(A) of the Louisiana Constitution which vests original jurisdiction over all civil and criminal matters with Louisiana's district courts. The inmate plaintiff in *Pope* had suffered injuries that had nothing to do with prison disciplinary administrative proceedings, but instead suffered injuries that occurred while the inmate was performing

3

demolition work at a correctional facility. The supreme court's holding in *Pope* was directed at the application of CARP to such traditional tort matters, not to actions related to conditions of confinement.

In response to *Pope*, the Louisiana Legislature amended the provisions of CARP relating to judicial review of administrative acts and excluded "decisions relative to delictual actions for injury or damages." As a result, such traditional tort actions are not subject to the more limited judicial review available in district court for administrative decisions. Instead, such delictual actions are governed by the pertinent provisions of La. R.S. 15:1177(C):

> This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions injury or damages shall be filed separately as original civil actions.

**Under the post-*Pope* statutory scheme, all complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. This is clearly shown by La. R.S. 15:1172(B)(1) stating that an offender shall initiate his administrative remedies for a delictual action for injury or damages within 90 days from the day the injury or damage is sustained.** However, regardless of the outcome of the administrative remedy proceedings for such claims, once such administrative review is complete, delictual actions for injury or damages then shall be filed separately as original civil actions not subject to the limited judicial review afforded other adverse administrative decisions. In other words, an administrative remedy decision on a true tort action, such as that involved in *Pope, supra*, does not limit a district court's constitutional grant of original jurisdiction in any way. **Such an administrative review nevertheless is required, apparently in hopes that an appropriate remedy, including the possible award of monetary damages, may be agreed upon without the necessity of litigation.**

Furthermore, in *Ngo v. Estes*, 04-186, pp. 2-5 (La.App. 3 Cir. 9/29/04), 882

So.2d 1262, 1263-65, this court recognized:

> Pursuant to 2002 La.Acts No. 89, effective April 18, 2002, the legislature amended CARP to cure the constitutional problems identified in *Pope*. Specifically, the legislature amended La.R.S. 15:1172 to require that an offender initiate administrative remedies for delictual actions within ninety days of the date of injury or damage; to provide that an offender's claim is abandoned if he fails to do so and that any subsequent suit asserting such a claim shall be dismissed with prejudice; to permit the district court to dismiss an offender's suit without prejudice if the administrative remedy process has not been completed; and to provide that liberative prescription on an offender's

4

delictual actions shall be suspended upon the filing of such a grievance until the final agency decision is delivered. Act 89 also amended La.R.S. 15:1177 to exclude delictual actions for injury or damages from the judicial review prescribed for other actions under CARP.

. . . .

Additionally, the Prison Litigation Reform Act (PLRA), at La.R.S. 15:1184(A)(2), provides: "No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice." The PLRA defines "prisoner suit" as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison...." La.R.S. 15:1181(2). Thus, the doctrine of exhaustion of administrative remedies applies to Mr. Ngo's suit, regardless of whether it is based in tort or whether it is a "prisoner suit." Because the record does not demonstrate that Mr. Ngo complied with statutory and/or regulatory procedures before filing suit, we find no error in the dismissal of his suit without prejudice.

Thus, Marcantel was required to first comply with the mandated administrative procedures before filing his action in the district court. Accordingly, we find no manifest error in the trial court's grant of Defendants' exceptions of prematurity and no abuse of discretion in its denial of Marcantel's motion for new trial.

## DECREE

Since Marcantel failed to comply with the administrative procedures as required by La.R.S. 15:1171-1184, we affirm the trial court's grant of Defendants' exceptions of prematurity and dismissal of Marcantel's suit; however we amend that judgment to reflect that the dismissal is without prejudice. The trial court's denial of Marcantel's motion for new trial is also affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.