LILJEBERG, J.
*1245 Plaintiff appeals a trial court judgment, dismissing his case without prejudice, due to lack of subject matter jurisdiction. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Kevin Duhe, filed this lawsuit against the St. John the Baptist Sheriff's Department ("the Department") and Sheriff Mike Tregre[1] for damages he allegedly sustained while in the custody of the Department. On or about February 16, 2011, Mr. Duhe was arrested on charges of domestic abuse and booked at the St. John the Baptist Parish Jail. Mr. Duhe claims that while he was an inmate at the jail, he requested that he be administered his anti-seizure medication, but the "jailer" refused to provide him with his medication and yelled obscenities at him. According to Mr. Duhe, he was brought to the hospital later that evening after he had a seizure and fell to the floor, striking his head. He asserts that he sustained severe personal injuries as a result of the seizure, which he claims was caused by the Department's negligence in failing to provide the necessary medical treatment and medications.
Defendants answered the lawsuit, generally denying the allegations of the petition and asserting several defenses, including that plaintiff failed to exhaust the available administrative remedies before filing suit.
A bench trial was held on January 4, 2017. At trial, the trial court heard testimony from Mr. Duhe and Lieutenant Gloria Tassin of the St. John Sheriff's Office. Several exhibits, including depositions and medical records, were also admitted into evidence. At the conclusion of the trial, the parties were granted additional time to submit post-trial memoranda. Thereafter, the trial court took the matter under advisement.
On March 24, 2017, the trial court issued a judgment, along with reasons, dismissing Mr. Duhe's lawsuit without prejudice on the grounds that it lacked subject matter jurisdiction to hear the case or review any claim or grievance. Mr. Duhe filed a Motion for New Trial, which was denied by the trial court on April 20, 2017. Mr. Duhe now appeals.
LAW AND DISCUSSION
On appeal, Mr. Duhe asserts that the trial court erred in determining that the Louisiana Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171, et seq. , divested it of original jurisdiction over his tort suit. He argues that in Pope v. State , 99-2559 (La. 6/29/01), 792 So.2d 713, CARP was deemed unconstitutional insofar as it divested district courts of original jurisdiction over tort claims. Mr. Duhe further contends that in rendering a final judgment in favor of defendants, the trial court ignored the trial testimony and evidence clearly establishing his right to relief.
Defendants respond that the limited issue with CARP that was identified as problematic in Pope , supra , has been cured since that ruling, and that the provisions of CARP require dismissal of this case for failure to exhaust administrative remedies. They further note that in addition to citing the provisions of CARP in support of its ruling, the trial court also cited the provisions *1246 of the Prison Litigation Reform Act ("PLRA"), which lead to the same result.
Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. La. C.C.P. art. 1. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The issue of subject matter jurisdiction may be raised at any time or at any stage of the proceedings. Dickens v. La. Corr. Inst. For Women , 11-176 (La. App. 1 Cir. 9/14/11), 77 So.3d 70, 73. Moreover, it is the duty of a court to examine subject matter jurisdiction sua sponte , even when the issue is not raised by the litigants. Boudreaux v. Dept. of Transp. and Dev. , 01-1329 (La. 2/26/02), 815 So.2d 7, 13.
Pursuant to the provisions of CARP, the Department of Public Safety and Corrections ("DPSC") and each sheriff may adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the Department or its employees, or a sheriff or employees, arising while the offender is in custody. La. R.S. 15:1171 ; Collins v. Vanny , 14-675 (La. App. 1 Cir. 1/15/15), 169 So.3d 405, 406. La. R.S. 15:1174(2) defines "offender" as "an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises." La. R.S. 15:1174(2) further provides that any subsequent event, including release from custody, shall not affect a person's status as an "offender."
The procedures adopted by the DPSC or sheriff are the exclusive remedies for handling the complaints and grievances to which they apply. La. R.S. 15:1171 ; Collins , supra . If an inmate fails to exhaust available administrative remedies, the district court lacks subject matter jurisdiction to review the claim. Dickens , 77 So.3d at 75 ; Swanson v. Dept. of Public Safety and Corrections , 01-1066 (La. App. 1 Cir. 6/21/02), 837 So.2d 634, 637.
La. R.S. 15:1184(A)(2) of the PLRA provides that "[n]o prisoner shall assert a claim under state law until such administrative remedies as are available are exhausted." It further provides that the court shall dismiss a prisoner lawsuit without prejudice if it is filed before such administrative remedies are exhausted. La. R.S. 15:1184(A)(1)(a) of the PLRA defines "administrative remedies" as:
[W]ritten policies adopted by governmental entities responsible for the operation of prisons which establish an internal procedure for receiving, addressing, and resolving claims by prisoners with respect to the conditions of confinement or the effects of actions by governmental officials on the lives of persons confined in prison.
A "prisoner" is defined in La. R.S. 15:1181(6) of the PLRA as:
[A]ny person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program.
Status as a "prisoner" is determined at the time the cause of action arises and is not affected by subsequent release from custody. La. R.S. 15:1181(6).
In the present case, the record reveals that Mr. Duhe was an inmate at the St. John Parish Jail at the time that his claims arose, and that he meets the definitions *1247 of both "offender" under CARP and "prisoner" under the PLRA. He contends that he suffered severe injuries as a result of the Department's negligence in failing to provide necessary medical care and medications to him during the time of his confinement. Thus, his claims pertain to conditions of confinement and/or the effects of actions by government officials during his confinement, which are subject to administrative remedies as set forth in La. R.S. 15:1184(A)(1)(a). Pursuant to La. R.S. 15:1184(A)(1)(a) and La. R.S. 15:1184(A)(2), Mr. Duhe was required to exhaust the administrative remedies available to him before filing this lawsuit.
Mr. Duhe argues that CARP was deemed unconstitutional in Pope , supra , and thus, its provisions requiring exhaustion of administrative remedies prior to filing suit cannot be applied herein. We disagree.
In Pope , supra , the Louisiana Supreme Court held that the provisions of CARP that then allowed the DPSC to exercise original jurisdiction in tort actions violated Article V, § 16(A) of the Louisiana Constitution, which vests original jurisdiction over all civil and criminal matters with Louisiana's district courts. However, after the Pope decision was rendered, the Louisiana Legislature amended several provisions of CARP. As explained by the Second Circuit in Wood v. Martin , 37,856 (La. App. 2 Cir. 12/10/03), 862 So.2d 1057, 1060 :
In response to Pope , the Louisiana Legislature amended the provisions of CARP relating to judicial review of administrative acts and excluded "decisions relative to delictual actions for injury or damages." As a result, such traditional tort actions are not subject to the more limited judicial review available in district court for administrative decisions. Instead, such delictual actions are governed by the pertinent provisions of La. R.S. 15:1177(C) :
This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions.
Under the post- Pope statutory scheme, all complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. This is clearly shown by La. R.S. 15:1172(B)(1) stating that an offender shall initiate his administrative remedies for a delictual action for injury or damages within 90 days from the day the injury or damage is sustained. However, regardless of the outcome of the administrative remedy proceedings for such claims, once such administrative review is complete, delictual actions for injury or damages then shall be filed separately as original civil actions not subject to the limited judicial review afforded other adverse administrative decisions. In other words, an administrative remedy decision on a true tort action, such as that involved in Pope , supra, does not limit a district court's constitutional grant of original jurisdiction in any way. Such an administrative review nevertheless is required, apparently in hopes that an appropriate remedy, including the possible award of monetary damages, may be agreed upon without the necessity of litigation.
See also Ngo v. Estes , 04-186 (La. App. 3 Cir. 9/29/04), 882 So.2d 1262, 1264.
In the present case, the record is devoid of any evidence that Mr. Duhe pursued administrative remedies prior to filing this lawsuit in the trial court. Because Mr. Duhe failed to exhaust his administrative remedies prior to filing suit, the trial court lacked subject matter jurisdiction to consider his claims. Accordingly, we find *1248 that the trial court correctly dismissed Mr. Duhe's lawsuit on the grounds of lack of subject matter jurisdiction, and we affirm the trial court's judgment.
See also, Rochon v. Admin. Remedy Procedure , 05-452 (La. App. 1 Cir. 3/24/06), 934 So.2d 67, 68, writ denied , 06-1383 (La. 1/26/07), 948 So.2d 162, wherein the appellate court affirmed the trial court's judgment dismissing the plaintiff's suit due to lack of subject matter jurisdiction, where the plaintiff failed to provide proof that he exhausted his administrative remedies before filing suit.
DECREE
For the foregoing reasons, we affirm the trial court's judgment, dismissing Mr. Duhe's case without prejudice.
AFFIRMED
JOHNSON, J., DISSENTS WITH REASONS
JOHNSON, J., DISSENTS WITH REASONS
I, respectfully, dissent from the majority opinion for the following reasons:
At the trial court level, Defendants/Appellees, St. John the Baptist Parish Sheriff's Department and Sheriff Wayne Jones[2] (hereinafter collectively referred to as "the Sheriff's Office"), filed an Answer to the petition filed by Plaintiff/Appellant, Kevin Duhe. In that answer, the Sheriff's Office alleged, "Plaintiff's claim is improper in that plaintiff has failed to exhaust available administrative remedies, as required by law" as its last defense out of 13 defenses against Mr. Duhe's action. The Sheriff's Office did not specify the law to which it was referencing in the affirmative defense anywhere in its answer. In its judgment, the trial court cited to the Corrections Administrative Remedy Procedure and the Prison Litigation Reform Act and found that it lacked subject matter jurisdiction because the record failed to contain any verification that Mr. Duhe first exhausted his claims through the administrative remedy procedure.
Under the Corrections Administrative Remedy Procedure (hereinafter referred to as "CARP"), La. R.S. 15:1171 provides, in pertinent part:
A. The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities.
B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against...a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the...sheriff. (Emphasis added).
When referencing lawsuits by prisoners and administrative remedies under the Prison Litigation Reform Act (hereinafter referred to as "PLRA"), La. R.S. 15:1184(A) states:
(1) For purposes of this Section, the following words have the following meanings:
(a) "Administrative remedies" means written policies adopted by governmental entities responsible for the operation of prisons which establish an internal procedure for receiving, addressing, and resolving claims by prisoners with respect to the conditions of confinement or the effects of actions by government officials on the *1249 lives of persons confined in prison. Such "administrative remedies" need not be adopted or published in compliance with R.S. 15:1171.
(b) "Available" means all administrative remedies adopted by governmental entities, which address claims of the kind asserted by the prisoner even if the administrative remedies do not allow the prisoner the particular kind of relief sought.
(2) No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.
(3) A court shall take judicial notice of administrative remedies adopted by a governmental entity that have been filed with the clerk of the district court in the parish where the governmental entity is domiciled.
In the instant matter, the Sheriff's Office alleged Mr. Duhe's failure to exhaust all administrative remedies as an affirmative defense. Although the plaintiff bears the burden of proving liability, the Parish has the burden of proving entitlement to its affirmative defenses. Banks v. Parish of Jefferson , 08-27 (La. App. 5 Cir. 6/19/08), 990 So.2d 26, 30, writ denied , 08-1625 (La. 10/24/08), 992 So.2d 1043. Thus, it was the Sheriff's Office burden to prove exactly what the administrative remedies were that Mr. Duhe failed to exhaust prior to filing his action.
While the crux of the majority opinion is based upon the fact that "the record is devoid of any evidence that Mr. Duhe pursued administrative remedies prior to filing this lawsuit in the trial court," I am of the opinion that the trial court and the majority opinion erroneously shifted the burden to Mr. Duhe to prove he complied with administrative remedies that were never proven by the Sheriff's Office. In fact, the record is devoid of any evidence that the Sheriff's Office adopted any administrative procedures pursuant to CARP or PLRA that could be enforced by the trial court. Additionally, the record is devoid of any judicial notice taken by the trial court of the Sheriff's Office administrative remedies. Consequently, without the presentation of the administrative remedies into evidence, the Sheriff's Office failed to prove that it was entitled to its affirmative defense and dismissal of Mr. Duhe's lawsuit.
"If a sheriff does not adopt and implement procedures pursuant to the CARP, an inmate's access to the courts is procedurally unaffected." Stokes v. Strain , 99-1150 (La. App. 1 Cir. 6/23/00), 768 So.2d 619, 621, citing Barr v. Hathaway , 32,192 (La. App. 2 Cir. 8/18/99), 747 So.2d 99. Thus, when the Sheriff's Office failed to prove that it adopted and implemented administrative procedures, Mr. Duhe's right to access the courts for relief for the underlying tort alleged was procedurally unaffected. In this instance, the trial court properly had the subject matter jurisdiction to decide the matter.
Accordingly, based upon the foregoing reasons, I would vacate the trial court's judgment that dismissed Mr. Duhe's action against the Sheriff's Office without prejudice. Because the matter proceeded through a full trial prior to the trial court's dismissal of the action, I would remand the matter to the trial court with the instruction that it render a decision on the merits of the case.

Plaintiff initially filed suit against Sheriff Wayne Jones, as he was the Sheriff of St. John Parish at the time of the incident. However, at trial, plaintiff moved to amend his petition to substitute the current Sheriff of St. John Parish, Michael Tregre, as the proper party defendant. Defendants did not object to the amendment and substitution, and the trial court granted the motion.

Current sheriff, Sheriff Mike Tregre, has been substituted in the matter.