CRAIN, J.
|?Jauvé Collins, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals the dismissal of his petition for judicial review of Disciplinary Board Appeal number LSP-2012-3439. We vacate the judgment of the district court and remand for further proceedings.
PROCEDURAL HISTORY
Collins filed a petition for judicial review in the district court asserting that he utilized DPSC’s administrative remedy procedure (ARP) to make a complaint regarding mishandling of his certified mail. The record contains documentation showing that DPSC accepted Collins’ complaint numbered LSP-2012-3439, and indicated it would issue a response within forty days. Collins asserts that he received no response from DPSC, and proceeded to second step review. Again receiving no response, Collins filed his petition for judicial review in district court.
Pursuant to Louisiana Revised Statute 15:1178A, the matter was assigned to a Commissioner of the district court for screening. In both an initial and amended screening report, the Commissioner recommended that the suit be dismissed for lack of subject matter jurisdiction because of Collins’ failure to exhaust administrative remedies as required by Louisiana Revised Statute 15:1172. The district court adopted the Commissioner’s report as its reasons and dismissed the suit without prejudice.[2] Collins now appeals,
DISCUSSION
The Corrections Administrative Remedy Procedure (CARP) set forth in Louisiana Revised Statutes 15:1171-1179 provides that DPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any |sand all complaints and grievances by offenders against the state, the governor, DPSC, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171.
The rules and procedures promulgated by DPSC are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. See La. R.S. 15:1176; LAC 22:I.325F(3)(a)(viii); Dickens v. Louisiana Corr. Inst. for Women, 11-0176 (La.App. 1 Cir. 9/14/11), 77 So.3d 70, 74; Edwards v. Bunch, 07-1421 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152-53. When an inmate has initiated the first step of an ARP, the warden is required to respond within 40 days from the date the request is received at the first step, using the first step response. LAC 22:I.325J(1)(a)(ii). An inmate who is not satisfied with the warden’s first step response may proceed to the second step ARP and appeal to the secretary of DPSC. The final decision of the secretary or his designee shall be made and the offender shall be sent a response within 45 days from the date the request is received at the second step, utilizing the second step response. LAC 22:I.325J(1)(b)(ii). No more than 90 days *407 from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process. LAC 22:I.325J(1)(c).
If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. Dickens, 77 So.3d at 75; Walker v. Appurao, 09-0821 (La.App. 1 Cir. 10/23/09), 29 So.3d 575, 577, writ denied, 09-2822 (La.3/5/10), 28 So.3d 1010; see also Swanson v. Dep’t of Pub. Safety & Corr., 01-1066 (La.App. 1 Cir. 6/21/02), 837 So.2d 634, 637. However, this court has ruled that when DPSC has effectively ^precluded an inmate from proceeding to review by the district court by failing to issue its decision as .directed by the ARP provisions, the administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter remanded for consideration by DPSC. Black v. Heyse, 13-0652 (La.App. 1 Cir. 5/19/14), 2014 WL 3534013, p. 3; Edwards, 985 So.2d at 155; Sims v. Wackenhut Health Services, Inc., 97-1147 (La.App. 1 Cir. 2/20/98), 708 So.2d 1140, 1143, writ denied, 98-0747 (La.5/1/98), 718 So.2d 417.
The record before us supports Collins’ assertion that he initiated the first step ARP, which DPSC accepted. However the record contains no response from DPSC as to that first step ARP or to the second step ARP that Collins filed. The record contains no evidence that an extension was granted and more than 90 days elapsed after Collins initiated the first step ARP. Based on the record before us, it appears that Collins was entitled to proceed to district court for review of his claim. However, since the district court dismissed Collins’ petition for judicial review prior to service of the petition on DPSC, DPSC has not been afforded an opportunity to respond to Collins’ assertions or present argument on the issue. Considering this, we vacate the judgment of the district court that dismissed Collins’ petition for judicial review and remand with instructions that DPSC be served with Collins’ petition. If DPSC raises an objection of lack of subject matter jurisdiction, the matter shall be reconsidered. See Edwards, 985 So.2d at 155 (oh rehearing). The district court shall then consider whether the matter should be remanded to DPSC in accordance with Section 15:1178 so that evidence may be presented with regard to Collins’ complaints. See Black, 2014 WL 3534013 at pp. 4-5.
|,CONCLUSION
Por the foregoing reasons, the judgment of the district court is vacated and this matter is remanded for service on DPSC and further proceedings in accordance with the views expressed herein. Costs of this appeal shall await final disposition in this matter.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.

. The district court's judgment states that it adopted the Commissioner's report as its reasons, but does not state that the suit was dismissed for lack of subject matter jurisdiction. Rather, it states that the suit was dismissed “considering venue ex proprio muto as well as the forum of convenience.”