# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2019 CA 1501

## EMILE RICHARD

### VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

*Judgment Rendered:* JUL 2 4 2020

\* \* \* \* \* \* \* \*

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C684253

The Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \* \* \* \*

Emile Richard
Kinder, Louisiana

Plaintiff/Appellant
Pro Se

Jonathan R. Vining
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

\* \* \* \* \* \* \* \*

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

Emile Richard, pro se, appeals the judgment of the Nineteenth Judicial District Court dismissing without prejudice his petition for judicial review for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies in accordance with La. R.S. 15:1172(C). For the following reasons, we vacate the judgment and remand this matter to the Nineteenth Judicial District Court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Emile Richard is an inmate at Allen Correctional Center in Kinder, Louisiana. On July 27, 2016, Richard submitted a complaint pursuant to the Louisiana Department of Public Safety and Corrections' ("DPSC") administrative remedy procedure ("ARP"). This complaint was labeled as ARP No. ALC-2016-520. In ALC-2016-520, Richard stated that on April 23, 2012, he had entered into a plea agreement with the State of Louisiana, in which he pleaded guilty to three counts of molestation of a juvenile. According to Richard, the date of those offenses "would be specified as occurring on ___December 16, 1996.___" Richard further asserted that he had been sentenced to serve a total of twenty-five years at hard labor. In his complaint, Richard alleged that his Master Prison Record indicated that his sentence was being imposed under "Act 1209". Richard argued that because his offense occurred on December 16, 1996, his sentence should have been imposed under "Act 138".[1]

---

[1] Richard's complaint refers to two amendments. "Act 138" is 1991 La. Sess. Law Serv. Act 138, which, in pertinent part, amended La. R.S. 15:571.3 to provide for a uniform rate at which the diminution of sentence for good behavior may be earned by any eligible inmate. "Act 1209" is 1999 La. Sess. Law Serv. Act 1209, which amended La. R.S. 15:536, La. R.S. 15:537, La. R.S. 15:538(C)(1), La. R.S. 15:574.4(B), and La. Code Crim P. art. 895(E) to provide for mandatory minimum sentences for certain sex offenders and to provide for conditions of parole, probation, and diminution or suspension of sentence for certain sex offenders. According to Richard, "Act 1209" was enacted after his date of offense, and should not be retroactively applied to his sentence.

On August 1, 2016, ALC-2016-520 was accepted for review. The acceptance letter indicated that a response would be issued within 40 days. On August 19, 2016, Richard received a courtesy letter informing him that the Legal Programs Department at Allen Correctional Center had forwarded ALC-2016-520 to DPSC because there was no longer a state employee working at Allen Correctional Center. The letter noted that a response to Richard was past due, but stated that because of recent flooding that had occurred and directly affected DPSC, there may be more of a delay in the response.

On September 12, 2016, Richard requested an update on ALC-2016-520, noting that 40 days had elapsed since his complaint was accepted for review and that he had not yet received a second-step notice. Subsequently, on December 9, 2016, Richard again requested an update on ALC-2016-520, asserting that it had been 90 days since his complaint had been sent to DPSC and that he still had not received a response. The record before us does not provide any direct response to ALC-2016-520.

On February 18, 2019, Richard submitted another ARP complaint in which he again asserted that his sentence should have been imposed under Act 138 instead of Act 1209. On February 22, 2019, DPSC informed Richard that his request for relief, ARP No. ALC-2019-68, had been denied because it was a duplicate of an already denied ARP, numbered HDQ-2016-2423.

On June 7, 2019, Richard submitted a petition for judicial review, seeking review of ARP No. ALC-2019-173. In this petition, Richard reiterated his allegation that his sentence had been improperly imposed under Act 1209 when it should have been imposed under Act 138, and requested that his sentence be voided and that he be resentenced under Act 138. Richard further stated that he

3

had submitted an ARP regarding the imposition of Act 1209 upon his sentence, but that his ARP had been denied at both the first and second steps of the process.[2]

On June 27, 2019, the Commissioner of the district court[3] signed an order for compliance with the local rules of the Nineteenth Judicial District Court. This order required Richard to show compliance, within fifteen days, by filing written proof of exhaustion of ALC-2019-173. The order further stated that failure to show exhaustion of ALC-2019-173 may result in dismissal of the suit at Richard's cost.

On July 9, 2019, Richard responded to the order for compliance, asserting that he had mistakenly requested review of ALC-2019-173, and that he had intended to request review of ALC-2016-520 (the complaint submitted on July 27, 2016). Richard further stated that he had never received notice of a second step denial of ALC-2016-520. Instead, Richard claimed that he only learned that ALC-2016-520 was denied at the second step when he was informed that his February 18, 2019 request for relief, numbered ALC-2019-68, had been denied because it was a duplicate of an already denied ARP, numbered HDQ-2016-2423. Richard asked the Commissioner to accept as compliance with the June 27, 2019 order the letter showing that ARP-2019-68 was rejected for being a duplicate of HDQ-2016-2423.

On August 21, 2019, the Commissioner recommended that Richard's petition for judicial review be dismissed without prejudice for lack of subject matter jurisdiction. The Commissioner acknowledged that Richard had originally

---

[2] Richard stated that he had completed the first and second step of the ARP, that the second step response had been received and reviewed on May 1, 2016, and that relief had been denied. However, the record does not contain any evidence of a May 1, 2016 denial of relief for ALC-2019-173 or any other ARP complaint.

[3] The office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04); 897 So.2d 112, 113 n. 1.

sought judicial review of ALC-2019-173, but had later advised the district court that he had intended to seek judicial review of ALC-2016-520 instead. The Commissioner pointed out that Richard had failed to provide proof of exhaustion of either ALC-2016-520 or ALC-2019-173. The Commissioner further stated that La. R.S. 15:1172(C) and La. R.S. 15:1178 require the dismissal of any complaint that has not been completed through the administrative process. Thus, the Commissioner recommended that Richard's petition be dismissed without prejudice due to a lack of subject matter jurisdiction.

On September 9, 2019, the district court signed a judgment adopting the written recommendation of the Commissioner and dismissing without prejudice Richard's petition for judicial review of ALC-2019-173 for lack of subject matter jurisdiction due to Richard's failure to exhaust administrative remedies in accordance with La. R.S. 15:1172(C). This appeal followed.

## ASSIGNMENTS OF ERROR

Richard asserts the following assignments of error:

(1) Did Richard receive his denial in a timely manner of ARP No. ALC-2016-520 per the procedural rules?

(2) Did Richard receive notice that ALC-2016-520 was changed to HDQ-2016-2423 per the procedural rule?

(3) Did Richard receive notification of the procedures at each stage?

(4) If Allen Correctional Center was informed of the delay in response by DPSC, why did Richard not receive the required notice of extension and the date of the decision to be rendered by DPSC per procedural rules?

(5) Is there a "chain of custody" to show the receipt of any responses?

(6) Why is there no copy of HDQ-2016-2423 in Richard's master file?

(7) Should the Nineteenth Judicial District Court have at least reviewed the validity of Richard's complaints, which may outweigh a failure to exhaust administrative remedies because future claims may be legally terminated?

5

(8) If the Bill of Information per the Louisiana Code of Criminal Procedure is an accusation form, how can that Bill of Information be used in time computation when plea agreements reduce charges and dates and do not reflect the outcome of a trial or plea agreement?

(9) Why is DPSC using one form for Richard's plea charges, but using an incorrect form (the Bill of Information) for the date of offense?

(10) If there are set guidelines and rules in place for administrative remedies, what are the uniform guidelines for DPSC to use for time computation regarding a plea agreement?

## STANDARD OF REVIEW

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Greenhouse v. Louisiana Department of Public Safety and Corrections*, 2017-0316 (La. App. 1 Cir. 11/1/17); 2017 WL 4946864, at *2 (unpublished), *writ denied*, 2017-2122 (La. 1/8/19); 259 So.3d 1021.

## DISCUSSION

Although Richard asserts many assignments of error, the pertinent question for the purpose of this appeal is whether DPSC properly handled ARP No. ALC-2016-520. The Corrections Administrative Remedy Procedure (CARP) set forth in La. R.S. 15:1171-1179 provides that DPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, DPSC, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. *Collins v. Vanny*, 2014-0675 (La. App. 1 Cir. 1/15/15); 169 So.3d 405, 406, citing La. R.S. 15:1171.

6

The rules and procedures promulgated by DPSC are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. *Collins*, 169 So.3d at 406, citing La. R.S. 15:1176 and LAC 22:I.325F(3)(a)(viii). When an inmate has initiated the first step of an ARP, the warden is required to respond within 40 days from the date the request is received at the first step, using the first step response. *Collins*, 169 So.3d at 406, citing LAC 22:I.325J(1)(a)(ii). An inmate who is not satisfied with the warden's first step response may proceed to the second step ARP and appeal to the secretary of DPSC. The final decision of the secretary or his designee shall be made and the offender shall be sent a response within 45 days from the date the request is received at the second step, utilizing the second step response. *Collins*, 169 So.3d at 406, citing LAC 22:I.325J(1)(b)(ii). No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process. *Collins*, 169 So.3d at 406-07, citing LAC 22:I.325J(1)(c).

If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. *Collins*, 169 So.3d at 407; *Dickens v. Louisiana Correctional Institute for Women*, 2011-0176 (La. App. 1 Cir. 9/14/11); 77 So.3d 70, 75. However, this court has ruled that when DPSC has effectively precluded an inmate from proceeding to review by the district court by failing to issue its decision as directed by the ARP provisions, the administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter

7

remanded for consideration by DPSC. *Collins*, 169 So.3d at 407; *Black v. Heyse*, 2013-0652 (La. App. 1 Cir. 5/19/14); 2014 WL 3534013, at *3 (unpublished).

The Commissioner's Report stated that Richard has failed to provide proof that he exhausted ARP Nos. ALC-2019-173 and ALC-2016-520 through the administrative remedy process. However, it appears from the record that Richard never received a response to ALC-2016-520. The record contains only an August 1, 2016 letter informing Richard that ALC-2016-520 had been accepted for review and an August 19, 2016 courtesy letter informing him that his ARP had been forwarded to DPSC and that a response was past due and might be further delayed. There is no direct response to the complaints lodged in ALC-2016-520.

According to Richard, he learned that ALC-2016-520 was denied at the second step when he was informed that a subsequent request for relief, numbered ALC-2019-68, had been denied as a duplicate of an already denied ARP, numbered HDQ-2016-2423. Richard asserts that ALC-2016-520 was subsequently numbered as HDQ-2016-2423, but there is nothing in the record which explicitly states as much. While it is possible that ALC-2016-520 was later renumbered HDQ-2016-2423 and/or properly responded to by DPSC, we lack the information necessary to make that determination.

Because it is unclear from the record whether DPSC issued a decision as directed by the ARP provisions, we must remand this matter to the Nineteenth Judicial District Court for a determination of whether ALC-2016-520 was properly acted upon. See *Collins*, 169 So.3d at 407. Accordingly, we vacate the September 9, 2019 judgment and remand the matter to the Nineteenth Judicial District Court for further consideration pursuant to this opinion.

**DECREE**

For the above and foregoing reasons, the judgment of the Nineteenth Judicial District Court dismissing Emile Richard's petition for judicial review is

vacated. This matter is remanded to the Nineteenth Judicial District Court for a determination of whether the Louisiana Department of Public Safety and Corrections properly acted upon Richard's ARP No. ALC-2016-520. Costs in the amount of $726.00 are assessed to the Louisiana Department of Public Safety and Corrections.

**VACATED AND REMANDED.**