STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 0443

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Decision Rendered: **FEB 2 4 2021**

* * * * * * *

ON APPEAL FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 681,075, SECTION 24

HONORABLE R. MICHAEL CALDWELL, JUDGE

* * * * * * *

Derrick Jerome Allen
Angola, Louisiana

Plaintiff/Appellant - Pro Se

Jonathan R. Vining
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

**BEFORE:  McDONALD, HOLDRIDGE, and PENZATO, JJ.**

**McDONALD, J.**

An inmate appeals a screening judgment dismissing his petition for judicial review of Administrative Remedy Procedure #LSP-2018-2294. The district court dismissed the petition for lack of subject matter jurisdiction upon finding the inmate failed to exhaust administrative remedies. We vacate the screening judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Derrick Jerome Allen is an offender in the legal custody of the Louisiana Department of Public Safety and Corrections (DPSC) and is housed at Louisiana State Penitentiary (LSP) in Angola, Louisiana. He alleges that, in June 2016, a prison employee riding a horse at a full gallop hit him. He also alleges that, in October 2018, he learned that another inmate was injured in a wreck involving a prison van and a forklift, and that prison officials requested urine and blood samples from the forklift driver. The basis of his complaint herein is that prison officials had not requested similar samples from the prison employee riding the horse that hit him back in June 2016.

On October 12, 2018, Mr. Allen filed a handwritten request for administrative remedy. In the caption of his request, Mr. Allen identified the October 2018 conversation with the fellow inmate as the "incident" at issue; however, in his request's "Relief Desired" section, Mr. Allen sought to have the June 2016 incident investigated, because, as stated, prison officials did not require that the prison employee riding the horse undergo urine and blood tests, as was done with the forklift driver after the October 2018 incident.

On October 26, 2018, the LSP Warden's office assigned Mr. Allen's request ARP #LSP-2018-2294 and notified Mr. Allen that a response would be issued within 40 days. On February 18, 2019, a deputy warden signed a First Step Response Form notifying Mr. Allen that his request "was accepted in error and should have been rejected due to nothing personally happening to you. Therefore, your request is rejected. Per policy, you may not proceed to the next level (Step 2)."

2

On March 21, 2019, Mr. Allen filed a petition for judicial review against DPSC and James LeBlanc, DPSC Secretary, in the 19th Judicial District Court.[1] Mr. Allen claimed both the Warden and the Secretary were "in default" for rejecting and not properly responding to his ARP. He sought reversal of the Warden's decision as untimely, an order to the Warden to properly answer the ARP, and an order to the Warden and to Secretary LeBlanc directing them to comply with their own ARP process and to stop retaliating against him.

A 19th JDC Commissioner issued a screening recommendation recommending that Mr. Allen's petition be dismissed with prejudice for lack of subject matter jurisdiction. The Commissioner reasoned that: exhaustion of administrative remedies is the exclusive process by which an inmate may obtain judicial review; Mr. Allen's ARP was rejected because his grievance involved an incident unrelated to him; an ARP that has been rejected is not considered exhausted; absent exhaustion, the 19th JDC did not have jurisdiction to consider Mr. Allen's complaint.

On May 20, 2019, the district court signed a screening judgment, adopting the Commissioner's written recommendation, and dismissing Mr. Allen's petition for judicial review with prejudice for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies. Mr. Allen appeals the district court's screening judgment. After the appeal was lodged, Mr. Allen filed a motion to consolidate the instant appeal with a separate appeal he filed under this court's docket number 2020 CA 0445. This court denied the motion to consolidate, because the appeals sought to be consolidated arise from two separate petitions for judicial review, were given two separate district court suit numbers, and were decided independently of each other. *Derrick Jerome Allen v. Louisiana Department of Public Safety & Corrections,* 20-0443 (La. App. 1 Cir. 12/3/20) (unpublished action).

## DISCUSSION

An offender aggrieved by an adverse decision of DPSC rendered pursuant to any administrative remedy procedures may seek judicial review of the decision in the 19th

---

[1] Although Mr. Allen named DPSC Secretary LeBlanc as a defendant, the only proper defendant in a petition for judicial review under CARP is DPSC. See La. R.S. 15:1177A(1)(b).

3

JDC. *See* La. R.S. 15:1177A. On review of the DPSC decision, the district court functions as an appellate court. *Brown v. La. Dept. of Public Safety and Corrections,* 15-1958 (La. App. 1 Cir. 9/19/16), 277 So.3d 326, 329. The district court's review shall be confined to the record and shall be limited to the issues presented in the petition for review and the ARP request filed at the agency level. La. R.S. 15:1177A(5). On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, an appellate court owes no deference to the district court's factual findings or legal conclusions. *Williams v. La. Dept. of Public Safety and Corrections,* 18-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93; *Holder v. LeBlanc,* 19-1268 (La. App. 1 Cir. 5/11/20), 2020 WL 2315589, *2.

The Corrections Administrative Remedy Procedure set forth in La. R.S. 15:1171, *et seq.,* authorizes DPSC to adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171B; *Richard v. La. Dept. of Public Safety and Corrections,* 19-1501 (La. App. 1 Cir. 7/24/20), ___ So.3d ___, ___, 2020 WL 4250989, *3; *Collins v. Vanny,* 14-0675 (La. App. 1 Cir. 1/15/15), 169 So.3d 405, 406.

The rules and procedures promulgated by DPSC are set forth in Louisiana Administrative Code 22:I.325. Under these rules, an offender must exhaust a two step ARP before he can proceed with a suit in federal or state court. La. R.S. 15:1176 and LAC 22:I.325.F(3)(a)(viii). An offender shall initiate his administrative remedies for a delictual action for injury or damages within 90 days from the day the injury or damage is sustained. La. R.S. 15:1172B(1); LAC 22:I.325.G(1). The ARP screening officer shall screen all requests prior to assignment to the first step, and shall notify the offender that his request is being accepted and will be processed, or is being rejected and will not be processed until the noted deficiency is corrected. LAC 22:I.325.I(1)(a). Once a request is accepted, the Warden shall respond to the offender within 40 days from the date the request is received at the first step, using the first step response form. LAC

4

22:I.325.J(1)(a)(ii). *Collins,* 169 So.3d at 406-07. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process. LAC 22:I.325.J(1)(c); *Richard,* 2020 WL 4250989 at 3; *Collins,* 169 So.3d at 406-07.

If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. *Collins,* 169 So.3d at 407; *Dickens v. Louisiana Correctional Institute for Women,* 11-0176 (La. App. 1 Cir. 9/14/11), 77 So.3d 70, 75. However, this court has ruled that when DPSC has effectively precluded an inmate from proceeding to review by the district court by failing to issue its decision as directed by the ARP provisions, the administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter remanded for consideration by DPSC. *See Richard,* 2020 WL 4250989 at 3; *Collins,* 169 So.3d at 407; *Black v. Heyse,* 13-0652 (La. App. 1 Cir. 5/19/14), 2014 WL 3534013, *3.

In this case, the LSP Warden's Office accepted Mr. Allen's request on October 26, 2018, and notified him that a response would be issued within 40 days. However, the record shows that the Warden issued the first step response on February 18, 2019, well over 40 days after the October 26, 2018 ARP; and, over the 90-day period within which the process should have been completed. *See* LAC 22:I.325.J(1)(a)(ii) and (c). Absent an extension, the expiration of the response time limits entitled Mr. Allen to move on to the next step in the process. *See* LAC 22:I.325.J(1)(c). In its first step response, however, DPSC violated its own rule by notifying Mr. Allen that he could not proceed to Step 2, because his "accepted" request was being changed to a "rejected" request.

Based on our *de novo* review, we find DPSC effectively precluded Mr. Allen from exhausting his administrative remedies by accepting his request, failing to timely respond, and then erroneously informing him that he could not proceed to the next level, Step 2. We also note that DPSC's purported rejection of Mr. Allen's request was

5

also erroneous. In his request, although inartfully drafted, Mr. Allen sought to have the 2016 incident investigated, wherein he was allegedly injured by a prison employee riding a horse. Mr. Allen's request did not seek to have the 2018 forklift incident (which did not involve him) investigated. Thus, DPSC incorrectly focused on the October 2018 date and rejected Mr. Allen's request "due to nothing personally happening to" him. And, the Commissioner improperly recommended dismissal of Mr. Allen's petition for judicial review based on her similar conclusion that Mr. Allen's "grievance involved an incident unrelated to [him]."

Thus, the district court erred in adopting the Commissioner's recommendation that Mr. Allen's petition for judicial review be dismissed for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies. Considering this, we vacate the screening judgment and order the remand of this matter, under La. R.S. 15:1177A(8), for DPSC to reconsider, and to accept or reject, ARP #LSP-2018-2294, *i.e.,* Mr. Allen's claim that, in June 2016, a prison employee riding a horse at a full gallop hit him and prison officials did not request urine and blood samples from her.[2] *See Black,* 2014 WL 3534013 at *5.

## CONCLUSION

For the above reasons, the May 20, 2019 screening judgment is vacated. We remand this matter to the district court with instructions to remand the case to DPSC in accordance with LSA-R.S. 15:1177A(8), for the processing of Mr. Allen's ARP in accordance with the appropriate administrative procedures. We assess costs of $626.00 against the Louisiana Department of Public Safety and Corrections.

**JUDGMENT VACATED; CASE REMANDED.**

---

[2] We note that Mr. Allen's ARP may be subject to rejection as having been filed more than 90 days after the June 2016 incident of which he is allegedly aggrieved. *See* La. R.S. 15:1172B(1) ("An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained."); LAC 22:I.325.G(1) ("[T]o ensure [his] right to use the formal procedure, [an offender's] request to the warden shall be made in writing within a 90 day period after an incident has occurred."); and, LAC 22:I.325.I(1)(c)(i)(i) ("If a request is rejected, it must be for one of the following reasons: . . . [t]here has been a time lapse of more than 90 days between the event and the initial request, unless waived by the warden. Some exceptions may apply such as time computation issues, ADA issues, PREA issues, and on-going medical issues.")