STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1248

LEONARD DUPUIS

VERSUS

MAJOR RAY JOHNSON, TARA HOSEY, MOUNTAIN LAUREL
ASSURANCE COMPANY, MAJOR RAY JOHNSON, AND STATE OF
LOUISIANA THROUGH LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS DIXON CORRECTIONAL CENTER

*CONSOLIDATED WITH*

NO. 2020 CA 1249

LYNN RANDOLPH

VERSUS

TARA HOSEY, MOUNTAIN LAUREL ASSURANCE COMPANY, MAJOR
RAY JOHNSON, AND STATE OF LOUISIANA THROUGH LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS DIXON
CORRECTIONAL CENTER

*Judgment Rendered:*     APR 1 6 2021

* * * * * * * *

Appealed from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Case Nos. 45683 and 45735

The Honorable William G. Carmichael, Judge Presiding

* * * * * * * *

Donna U. Grodner                    Counsel for Plaintiffs/Appellants
Baton Rouge, Louisiana              Leonard Dupuis and
                                    Lynn Randolph

Jeff Landry
Attorney General
Patrick E. Henry
Special Assistant Attorney General
Baton Rouge, Louisiana

Counsel for Defendants/Appellees
Louisiana Department of Public
Safety and Corrections,
Dixon Correctional Center and
Major Ray Johnson

\* \* \* \* \* \* \* \*

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

Leonard Dupuis and Lynn Randolph appeal the Twentieth Judicial District Court's August 10, 2020 judgment granting the Louisiana Department of Public Safety and Corrections, Dixon Correctional Institute, and Major Ray Johnson's motions for summary judgment. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Leonard Dupuis and Lynn Randolph[1] (collectively, "Appellants") are inmates housed at Dixon Correctional Institute ("DCI"). On June 22, 2018, at around 3:00 p.m., Dupuis and Randolph were being transported from Mary Bird Perkins Cancer Center in Gonzales, Louisiana, back to DCI after medical treatment. Dupuis and Randolph were passengers in a 2017 Chevrolet Express four-door van, which was being driven by Major Ray Johnson. Two other correctional officers, Shirley Brown and Tywanna McElwee, were also passengers. Dupuis and Randolph allege that Johnson failed to place either inmate in seat belts and that both were in full restraints while riding as passengers in the van.

According to Appellants, Johnson was driving the van on Highway 61 and approaching La. 3004. Another driver, Tara Hosey, was driving a 2018 Nissan Rogue four-door SUV on La. 3004. Johnson allegedly hit the driver's side of Hosey's SUV. Appellants, who both had pre-existing injuries, were injured in the accident. Appellants allege that the correctional officers were taken to a hospital, while Appellants were returned to DCI and not allowed to see a doctor for examination or assessment. Appellants initiated claims through the administrative remedy procedure ("ARP").

On May 6, 2019, Dupuis filed a "petition for damages/van wreck." On June 17, 2019, Randolph also filed a "petition for damages/van wreck." Appellants

---

[1] Lynn Randolph's last name is sometimes spelled "Randolf" throughout these proceedings. For consistency, we will refer to him as "Randolph."

each named Hosey, Progressive Casualty Insurance Company, Johnson, the State of Louisiana through the Department of Public Safety and Corrections ("DPSC"), and DCI as defendants.[2] Both Appellants asserted claims for negligence, negligence per se, and respondeat superior.

On September 23, 2019, DPSC, DCI, and Johnson (collectively, "Appellees") filed a motion to consolidate the two suits. The motion to consolidate was granted on September 25, 2019.

On December 5, 2019, Appellees filed a peremptory exception of no cause of action, and, alternatively, a motion for summary judgment as to Dupuis. Appellees alleged that Dupuis failed to pursue and exhaust his administrative remedies for a delictual action for injury and damages stemming from the accident. On December 6, 2019, Appellees filed a peremptory exception of no cause of action and, alternatively, a motion for summary judgment as to Randolph. Appellees made the same argument that they had made against Dupuis – namely, that Randolph did not exhaust his administrative remedies for a delictual action for injury or damages caused by the accident.

Appellants opposed the Appellees' exception of no cause of action and motion for summary judgment. On August 10, 2020, the trial court signed a judgment granting Appellees' motion for summary judgment as to Dupuis and dismissing Dupuis's claims with prejudice. The trial court also granted Appellees' motion for summary judgment as to Randolph and dismissed his claims with prejudice.[3] This appeal followed.

## ASSIGNMENTS OF ERROR

Appellants assign two assignments of error:

---

[2] On June 1, 2020, Appellants filed a motion to dismiss their claims against Mountain Laurel Assurance Company, which had been incorrectly named as Progressive Casualty Insurance Company, and Hosey. A judgment of dismissal was signed June 3, 2020.

[3] The trial court overruled Appellees' exceptions of no cause of action in open court on June 22, 2020.

4

(1) The trial court erred in granting the motion for summary judgment based on failure to exhaust when Dupuis's ARP reached the second step of the ARP procedure before the lawsuit was filed.

(2) The trial court erred in granting the motion for summary judgment based on failure to exhaust when Randolph's ARP reached the second step of the ARP procedure before the lawsuit was filed.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant a motion for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Barrilleaux v. Board of Sup'rs of Louisiana State University*, 2014-1173 (La. App. 1 Cir. 4/24/15); 170 So.3d 1015, 1019. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. Art. 966(A)(3).

## DISCUSSION

Assignment of Error #1

Appellants' first assignment of error pertains to whether the trial court erred in granting Appellees' motion for summary judgment as it related to Dupuis. Appellants assert that Dupuis's ARP was timely-filed and provided notice of the wreck itself, as well as the lack of medical attention to the injuries caused by the wreck.

The Corrections Administrative Remedy Procedure ("CARP") set forth in La. R.S. 15:1171-1179 provides that DPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, DPSC, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. *Collins v. Vanny*, 2014-0675 (La. App. 1 Cir.

5

1/15/15); 169 So.3d 405, 406, <u>citing</u> La. R.S. 15:1171. All prisoner complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. *Cook v. Louisiana Department of Public Safety and Corrections*, 2018-1143 (La. App. 1 Cir. 12/18/18); 267 So.3d 1175, 1177. An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained. La. R.S. 15:1172(B)(1).

The rules and procedures promulgated by DPSC are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. *Collins*, 169 So.3d at 406, <u>citing</u> La. R.S. 15:1176 and LAC 22:I.325F(3)(a)(viii). When an inmate has initiated the first step of an ARP, the warden is required to respond within 40 days from the date the request is received at the first step, using the first step response. *Collins*, 169 So.3d at 406, <u>citing</u> LAC 22:I.325J(1)(a)(ii). An inmate who is not satisfied with the warden's first step response may proceed to the second step ARP and appeal to the secretary of DPSC. The final decision of the secretary or his designee shall be made and the offender shall be sent a response within 45 days from the date the request is received at the second step, utilizing the second step response. *Collins*, 169 So.3d at 406, <u>citing</u> LAC 22:I.325J(1)(b)(ii). No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process. *Collins*, 169 So.3d at 406-07, <u>citing</u> LAC 22:I.325J(1)(c). If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. *Collins*, 169 So.3d at 407; *Dickens v. Louisiana Correctional Institute for Women*, 2011-0176 (La. App. 1 Cir. 9/14/11); 77 So.3d 70, 75.

The car accident at the heart of this matter occurred on June 22, 2018. Dupuis subsequently initiated the first step of the ARP process. On July 27, 2018, DCI stamped as "received" an ARP filed by Dupuis, later numbered as DCI-2018-691. Dupuis's ARP listed July 19, 2018 as the date of incident and "Infirmary" as the place of incident. When asked to describe the nature of his complaint, Dupuis explained that he had been injured in a van wreck on June 22, and that he had filled out an incident report when he was returned to DCI. Dupuis specified that he had suffered injuries to his neck and lower back and detailed the medical treatment he had received thus far. He was unsatisfied with the treatment he had received and complained that his neck, shoulders, and lower back were in pain. In the section labeled "RELIEF REQUESTED," Dupuis wrote, "I want medical attention."

On September 6, 2018, Dupuis's ARP DCI-2018-691 was accepted. He received a first-step response on September 25, 2012, stating that his request had already been granted since he had been seen by a medical provider twice since the date of incident. Dupuis was not satisfied with the first-step response and proceeded to the second step of the ARP process, stating, "There is something wrong in my [n]eck [and] lower back that medication is not . . . relieving the pain." On November 30, 2018, DPSC submitted a second-step response to Dupuis's ARP DCI-2018-691, denying his request for relief. On May 6, 2019, Dupuis filed his "petition for damages/van wreck."

Appellees argue that the purpose of Dupuis's ARP was to rectify the fact that he had allegedly received inadequate medical care on July 19, 2018. Appellees further argue that no portion of Dupuis's request could reasonably be interpreted as indicative of his desire to address his possible pursuit of a delictual action related to the injuries allegedly sustained in the accident. We disagree. In his ARP, Dupuis explained that he sought medical attention for injuries he suffered in the car accident on June 22, 2018. The information provided by Dupuis clearly

7

pertains to the June 22, 2018 collision. The accident preceded the alleged inadequate medical care. Dupuis's ARP contained enough information to place a reasonable person on notice that he might pursue a delictual action related to the accident and the injuries caused by the accident.

Accordingly, we find that Dupuis properly exhausted his available administrative remedies.[4] This assignment of error has merit. Thus, we reverse the portion of trial court's judgment granting the Appellees' motion for summary judgment as it relates to Dupuis's claims. We remand this matter so that Dupuis's lawsuit may proceed.

Assignment of Error #2

Appellants' second assignment of error pertains to whether the trial court erred in granting Appellees' motion for summary judgment as it related to Randolph. Appellants specifically point out that the ARP reached the second step prior to Randolph's lawsuit being filed.

As stated above, the car accident occurred on June 22, 2018. On September 28, 2018, DCI stamped as "received" an ARP filed by Randolph, later numbered as DCI-2018-752. Randolph's ARP listed June 22, 2018 as the date of incident and "DCI van – Highway 61/Highway 68" as the place of incident. When asked to describe the nature of his complaint, Randolph described in detail the accident itself. Randolph further stated that, since the accident, he had been having serious lower back problems and neck pain. He alleged that nothing was being done about the pain he was suffering. The section of the ARP labeled "RELIEF REQUESTED" was left blank.

On October 15, 2018, Randolph's ARP DCI-2018-752 was accepted. He received a first step response on November 26, 2018, informing him that the care

---

[4] We also note that Dupuis's ARP is timely. The car accident occurred on June 22, 2018, and Dupuis provided July 19, 2018 as the date of incident. Dupuis filed his ARP on July 27, 2018, which is within 90 days of both of those dates. See La. R.S. 15:1172(B)(1).

he had received was consistent with the community standard. On December 5, 2012, Randolph indicated that he was not satisfied with this response and that he wished to proceed to step two of the ARP process. DPSC's second step response concluded that Randolph had received prompt and appropriate medical care and denied his request for relief. On June 17, 2019, Randolph filed his "petition for damages/van wreck."

Appellees argue that Randolph's ARP does not indicate his intent to pursue a delictual action to recover damages for the injuries he sustained in the collision. In his ARP, Randolph complained that nothing is being done about his injuries, but made clear that his injuries were caused by the collision. He provided the date of the accident as the date of incident and the location of the accident as the place of incident. Therefore, we find that Randolph's ARP contained enough information to place a reasonable person on notice that he might pursue a delictual action related to the accident and the injuries caused by the accident.

Appellees further argue that Randolph's ARP was not submitted within the time limit mandated by La. R.S. 15:1172. Louisiana Revised Statutes 15:1172 provides in pertinent part:

> B. (1) An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.
>
> . . .
>
> C. If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. (Emphasis added.)

The injury or damage sustained in this case was sustained on June 22, 2018. The only date on Randolph's ARP is the date on which it was stamped as "received," September 28, 2018, which is more than ninety days after June 22, 2018.

Title 22, Part I, § 325G(1) of the Louisiana Administrative Code states:

9

G. Initiating a Formal Grievance

1. Offenders are encouraged to resolve their problems within the institution informally, before initiating the formal process. Informal resolution is accomplished through communication with appropriate staff members. If an offender is unable to resolve his problems or obtain relief in this fashion, he may initiate the formal process. In order to ensure their right to use the formal procedure, a request to the warden shall be made in writing within a 90 day period after an incident has occurred. This requirement may be waived when circumstances warrant. The warden or designee shall use reasonable judgment in such matters. There is no time limit imposed for grievances alleging sexual abuse. (Emphasis added.)

Appellants argue that by accepting Randolph's ARP, DPSC and DCI waived the requirement that Randolph's ARP needed to be filed within 90 days of the date of injury. We agree.

Randolph's ARP was accepted by DCI's warden's office on October 15, 2018. He then received a first step response, which must be provided by the warden within 40 days from the date the request was received. See LAC 22:I.325J(1)(a)(ii). After receiving the first step response, Randolph was able to proceed to step two of the ARP process. See LAC 22:I.325J(1)(b)(ii). We find that, by accepting and responding to Randolph's ARP, which allowed Randolph to continue on to the next step of the ARP, the warden waived the 90-day requirement as allowed by LAC 22:I:325G(1).

Accordingly, we find that Randolph properly exhausted his available administrative remedies. This assignment of error has merit. Thus, we reverse the portion of trial court's judgment granting the Appellees' motion for summary judgment as it relates to Randolph's claims. We remand this matter so that Randolph's lawsuit may proceed.

**DECREE**

For the above and foregoing reasons, the Twentieth Judicial District Court's August 10, 2020 judgment dismissing Leonard Dupuis and Lynn Randolph's claims with prejudice is reversed and remanded for further proceedings. Costs in

the amount of $3,293.00 are assessed to Appellees, the Louisiana Department of Public Safety and Corrections, Dixon Correctional Institute, and Major Ray Johnson.

**REVERSED AND REMANDED.**