STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2024 CA 0674

DONALD PICKETT

VERSUS

M. SERGEANT TEDRICK KNOX; AND
STATE OF LOUISIANA THROUGH LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
LOUISIANA STATE PENITENTIARY

Judgment Rendered: JAN 1 5 2024 _____

* * * * *

ON APPEAL FROM THE
TWENTIETH JUDICIAL DISTRICT COURT, DIVISION B
IN AND FOR THE PARISH OF WEST FELICIANA
STATE OF LOUISIANA
DOCKET NUMBER  24188

HONORABLE SYDNEY PICOU WALKER, JUDGE PRESIDING

* * * * *

Donna U. Grodner                    Attorney for Plaintiff-Appellant
Baton Rouge, Louisiana              Donald Pickett


Liz Murrill                         Attorney for Defendants-Appellees
Attorney General                    M. Sergeant Tedrick Knox and
Karen D. Murphy                     the Louisiana Department of
Assistant Attorney General          Public Safety and Corrections
Baton Rouge, Louisiana

**BEFORE:  WOLFE, MILLER, AND GREENE, JJ.**

Miller, J concurs

**GREENE, J.**

This is an appeal from a judgment that dismissed an inmate's suit as premature for failure to exhaust his administrative remedies. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 5, 2021 Donald Pickett, an inmate at Louisiana State Penitentiary, filed suit against the State of Louisiana, through the Department of Public Safety and Corrections (DPSC), and M. Sergeant Tedrick Knox, an employee of the DPSC. Mr. Pickett asserted that on May 18, 2021, he was being transported in the prison work bus, which was driven at that time by Sergeant Knox. Mr. Pickett maintained that Sergeant Knox jerked the steering wheel to avoid hitting another bus, at which time Mr. Pickett was slung into another seat, injuring his head and shoulder. Mr. Pickett asserted that he did not receive proper medical care following the incident. Mr. Pickett prayed for damages for bodily injuries, mental distress, medical expenses, and other damages.

The DPSC answered the petition, generally denying the allegations and denying any negligence on the part of the DPSC. The DPSC also asserted, in the alternative, comparative fault and the fault of third persons for whom it was not responsible, and further claimed statutory and jurisprudential limitations of liability. The DPSC prayed that the petition be dismissed with prejudice.

Further, the DPSC also filed an exception of prematurity, maintaining that Mr. Pickett had not exhausted his administrative remedies as required by La. R.S. 15:1184(A)(2)[1] and asking that the petition be dismissed without prejudice. Mr. Pickett

---

[1] Louisiana Revised Statutes 15:1184, entitled "Suits by prisoners" provides in part:

A. (1) For purposes of this Section, the following words have the following meanings:

(a) "Administrative remedies" means written policies adopted by governmental entities responsible for the operation of prisons which establish an internal procedure for receiving, addressing, and resolving claims by prisoners with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. Such "administrative remedies" need not be adopted or published in compliance with R.S. 15:1171.

(b) "Available" means all administrative remedies adopted by governmental entities, which address claims of the kind asserted by the prisoner even if the administrative remedies do not allow the prisoner the particular kind of relief sought.

(2) No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.

filed an opposition to the exception of prematurity, asserting that he submitted an ARP, which was never acknowledged, and that he had exhausted all remedies available to him.

The matter proceeded to a hearing, and thereafter, the district court granted the exception of prematurity, dismissing the suit without prejudice. The judgment was signed on December 18, 2023. Mr. Pickett filed a supervisory writ with this Court. This Court granted the writ for the limited purpose of remanding the matter to the district court with instructions to grant an appeal to Mr. Pickett. **Pickett v. Knox**, 2024-0040 (La. App. 1 Cir. 3/13/24), 2024 WL 1091638 (unpublished). Mr. Pickett then filed this appeal.

## THE APPEAL

In his appeal, Mr. Pickett's arguments address the issue of the filing of the first-step ARP. Mr. Pickett maintains that he submitted a first-step ARP but never received a response, so he waited 90 days and then filed suit for judicial review. The DPSC maintained that it had no record of the first-step ARP filing by Mr. Pickett. Mr. Pickett maintains that his copy of the ARP was lost when he was transferred from Louisiana State Penitentiary to Raymond LaBorde Correctional Center. There is no evidence in the record of the filing of the first-step ARP.

The rules and procedures promulgated by the DPSC are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. **Collins v. Vanny**, 2014-0675 (La. App. 1 Cir. 1/15/15), 169 So.3d 405, 406; See La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii). If the inmate never receives a response to a first-step grievance, then he or she is entitled to proceed to the second step of the process upon the expiration of the first-step response time limit. LAC 22:I.325(J)(1)(c); **Dillon v. Rogers**, 596 F.3d 260, 266 (2010).

Assuming that Mr. Pickett filed the first-step ARP, when he failed to receive a response to his first-step ARP, he was entitled to proceed to the second step of the process upon expiration of the first-step response time limit. See La. R.S. 15:1184(A)(2); **Dillon**, 596 F.3d at 266. In this case, Mr. Pickett failed to proceed to the second step of the ARP process. Thus, Mr. Pickett has failed to exhaust his administrative remedies and the suit for judicial review was premature. **Collins**, 169 So.3d at 406-407. No prisoner

3

suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice. La. R.S. 15:1184(A)(2). Accordingly, we find no error in the district court's dismissal of his suit without prejudice. See La. R.S. 15:1184(A)(2).

## CONCLUSION

For the forgoing reasons, the December 18, 2023 district court judgment dismissing the suit without prejudice is affirmed. Costs of this appeal are assessed against the appellant, Donald Pickett.

**AFFIRMED.**